UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VINOO JAIN,

        Plaintiff,        CIV. S-04-889 FCD PAN

    v.

                        ORDER

TRIMAS CORPORATION,

        Defendant.

—oOo—

On July 13, 2005, the parties lodged a stipulation and proposed order that would broadly limit disclosure of material that contains the parties' respective "trade secrets or other confidential research, development or commercial information." The proposed order would require the filing under seal in this court any document or information that comes within this criteria, including pleadings, discovery documents and testimony. For the reasons set forth below, the requested protective order is denied without prejudice.

There is no public interest in documents exchanged between the parties in pre-trial discovery that are not filed with the court. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1984)("[m]uch of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action"). Thus, the parties may do as they agree among themselves without permission or approval of the court regarding classification of such documents as confidential.

The public right of access surfaces, however, when parties seek to seal documents filed in conjunction with a discovery motion and ripens when documents are filed in conjunction with a dispositive motion or at trial. This circuit recognizes a strong presumption in favor of access to court records in civil cases. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)(citing Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995)). This public interest in full disclosure of court proceedings must be balanced against the private interests of the parties in avoiding infringement of trade secrets and the like. Phillips v. General Motors, 307 F.3d 1206, 1212 (9th Cir. 2002). If a court finds specific harm will result from public disclosure of information, then it balances the public and private interests to decide whether a protective order is necessary. Id., 307 F.3d at 1211; Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995).[1] If a protective

---

[1] Several factors, which are neither mandatory nor exhaustive, may be considered in evaluating whether to issue a protective order, including (1)

order is warranted, it must be limited in scope and narrowly tailored, protecting only that information necessary to guard the movant's privacy or property rights, or both, and no more.  See Citizens First Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999).

The parties' proposed order does not allow for the kind of narrow balancing required by the court when considering whether documents should be filed under seal.  Blanket stipulated protective orders are inherently subject to challenge and modification because any party resisting disclosure generally has not made a particularized showing of good cause with respect to an individual document.  San Jose Mercury News, Inc. v. U.S. District Court, 187 F.3d 1096, 1103 (9th Cir. 1999).  In addition, a blanket protective order imposes extraordinary burdens on the clerk of court, law clerks, and judges both to observe the order and specially handle "sealed" documents.[2]

---

whether disclosure will violate any privacy interests, (2) whether the information is being sought for a legitimate purpose or for an improper purpose, (3) whether disclosure of the information will cause a party embarrassment, (4) whether confidentiality is being sought over information important to public health and safety, (5) whether the sharing of information among litigants will promote fairness and efficiency, (6) whether the putative beneficiary of the order is a public entity or official entitled to less protection than a private person, and (7) whether the case involves issues important to the public.  Glenmede, 56 F.3d at 483.

[2] When documents are sealed, they must be described obscurely in the docket, which degrades the usefulness of the docket as an index, and that the documents are literally sealed in separate envelopes that are kept separately in a safe.  No law clerk or judge can retrieve the court file for review because there is no longer a single file.  Hearings become awkward because of concern about observing the sealing order.  Writing decisions about the merits is made more difficult and time consuming.  To be sure, in a proper case, these difficulties must be accommodated.  However, the sealing of documents

For these reasons, the parties' proposed protective order is denied without prejudice to this court's consideration of a more narrowly tailored order that respects these principles and concerns.  The parties are encouraged to agree among themselves regarding the handling of discovery material that need not be filed with the court.

So ordered.

Dated:  July 27, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge

---

ordinarily results in lawyers putting off the opportunity to grapple with discovery issues as they arise.