UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

VINOO JAIN,

        Plaintiff,

   v.

TRIMAS CORPORATION,

        Defendant.

NO. CIV. S-04-0889 FCD PAN

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on plaintiff's motion to stay proceedings pending the outcome of a reexamination proceeding in the United States Patent and Trademark Office. For the reasons set forth below,[1] plaintiff's motion is DENIED.

**BACKGROUND**

    On May 5, 2004, plaintiff Vinoo Jain ("Jain") sued defendant TriMas Corporation ("TriMas") alleging patent infringement of Patent. No. 6,390,343 ("the '343 patent"). (Compl., filed May 5,

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

2004, ¶ 1). On July 22, 2004, TriMas filed an answer and counterclaim for a declaratory judgment declaring '343 invalid, unenforceable, and not infringed by TriMas. (Countercl., filed July 22, 2004, ¶ 1).

On August 9, 2005, Jain filed a Request for Reexamination of '343 with the United States Patent Trademark Office ("USPTO") to reconsider the claims issued with the '343 patent and to determine the true scope of the '343 patent. (Mot. to Stay, filed August 12, 2005, ¶¶ 3,7). Subsequently, on August 12, 2005, Jain filed with this court a Motion to Stay Proceedings pending the outcome of a reexamination in the USPTO. Jain alleges that a prior art, TriMas' Hitch-Haul carrier, "may read on one or more of the claims of the ['343] patent and may invalidate such claims." (Id. ¶ 6).

TriMas disclosed the potentially invalidating prior reference to Jain in a letter dated July 19, 2004, before filing its answer. (Def.'s Opp'n to Mot. to Stay ("Opp'n"), filed Sept. 9, 2005, Ex. 1). Jain filed for reexamination of his patent with the USPTO on August 9, 2005, more than a year after he received TriMas' letter. (Id.).

On September 7, 2005, TriMas filed a motion for summary judgment asking the court to adjudicate the issue of infringement and grant its crossclaim for a declaratory judgment of non-infringement of the '343 patent. (Mot. for Summ. J., filed Sept. 7, 2005, at 2). TriMas claims that the motion for summary judgment would dispose of Jain's only claim of patent infringement and render Jain's motion to stay moot. (Opp'n at 1).

**STANDARD**

The district court has the inherent authority to order a stay pending the outcome of reexamination by the USPTO. Ethicon v. Quigg, 849 F.2d 1422, 1426 (Fed. Cir. 1988). The court must weigh the competing interests presented by a specific set of facts. Gladish v. Tyco Toys, 29 U.S.P.Q.2d 1718, 1719 (E.D. Cal. 1993). In weighing the interests of the parties, the court may consider: 1) whether the non-moving party will suffer prejudice; 2) whether there is a clear tactical disadvantage to the non-moving party; 3) the stage in litigation, 4) whether discovery is or will almost be completed; and 5) whether a trial date has been set. ASCII Corp. v. STD Entm't USA, Inc., 844 F. Supp. 1378, 1380 (N.D. Cal. 1994) (citing GPAC, Inc. v. DWW Enter., Inc., 144 F.R.D. 60, 66 (D. N.J. 1992)).

"There is a liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination proceedings." ASCII Corp., 844 F. Supp. at 1381. Reexamination by the USPTO may further the goal of judicial economy by eliminating the need for discovery and trial of certain issues, and by helping the court focus on pertinent issues. Methode Elecs., Inc. v. Infineon Techs. Corp., 2000 U.S. Dist. LEXIS 20689, at *6-7 (N.D. Cal., Aug. 7, 2000). However, courts have denied stays where the request for reexamination came late in the litigation proceedings, after discovery or trial preparation. Gladish v. Tyco Toys, Inc., 29 U.S.P.Q.2d at 1719; see Freeman v. Minnesota Mining & Mfg. Co., 661 F. Supp. 886 (D. Del. 1987); Toro Co. v. L.R. Nelson Corp., 223 U.S.P.Q.2d 636 (C.D. Ill. 1984).

**ANALYSIS**

**1.   Whether the non-moving party will suffer prejudice**

Defendant will suffer prejudice as a result of an order to stay proceedings because it has continued to prosecute this case for over a year, including filing a dispositive motion for summary judgment.  Moreover, defendant would be forced to await resolution of this matter until the USPTO conducts its reexamination procedure.  See Toro Co. v. L.R. Nelson Corp., 223 U.S.P.Q.2d 636 (C.D. Ill. 1984) (denying patentee's motion for stay where suit had been pending for three and one-half years and defendant had filed motion for summary judgment on invalidity).

Plaintiff filed his action for patent infringement on May 5, 2004.  On July 19, 2005, defendant notified plaintiff of invalidating prior art references.  (Opp'n, Ex. 1).  Plaintiff did not respond, and defendant continued to prosecute this action, conduct discovery, and file a motion for summary judgment.  Plaintiff, however, failed to request any discovery from defendant during the eight-month discovery period.  (Opp'n at 3).  Rather, on August 9, 2005, more than a year after being notified of the invalidating prior art references, plaintiff brought this motion to stay the proceedings, alleging that the prior art disclosed by defendant may invalidate one or more of the claims of his patent.  (Mot. to Stay at 2).

Reexamination by the USPTO will further prolong this matter for defendant.  The reexamination procedure can take over a year and involve appeals before appellate tribunals of the USPTO and Court of Appeals for the Federal Circuit.  Gladish, 29 U.S.P.Q.2d at 1720.  Furthermore, defendant has filed a motion for summary

4

1 judgment that it alleges will be dispositive of this matter.
2 See Toro Co. v. L.R. Nelson Corp., 223 U.S.P.Q.2d 636.
3 Subjecting defendant to additional litigation efforts and
4 expenses while plaintiff seeks resolution of issues that were
5 brought to his attention more than a year ago would be
6 prejudicial.  Gladish, 29 U.S.P.Q.2d at 1720.

**2.   Whether there is a clear tactical disadvantage to TriMas**

If this court grants plaintiff's motion to stay, defendant will suffer a clear tactical disadvantage because plaintiff would be allowed to forestall a potential adverse decision on defendant's motion for summary judgment.  See Toro Co. v. L.R. Nelson Corp., 223 U.S.P.Q.2d at 637.  Plaintiff has failed to diligently prosecute his claim.  Defendant thus alleges that plaintiff, "faced with no claim of infringement, an invalid patent, and no evidence to rebut non-infringement or validity," filed this motion as a dilatory tactic employed to reach a settlement agreement.  The court agrees.  See Freeman v. Minnesota Mining & Mfg. Co., 661 F. Supp. 886 (stating that stay would be inappropriate where discovery was concluded and grant of stay would allow the alleged infringer to use reexamination purely as dilatory tactic).

Defendant's situation mirrors that of the defendants in Gladish v. Tyco Toys, Inc., 29 U.S.P.Q.2d 1718 (E.D. Cal. 1993). In Gladish, the defendants objected to the plaintiff's motion to stay because the plaintiff showed a lack of good faith in requesting reexamination six months after he was put on notice of the prior art that was the basis of his request for reexamination.  Id. at 1719.  The court denied the motion to

5

stay, stating that the defendants

> ha[d] a strong interest in concluding [the] lawsuit without delay. . . . Plaintiff chose [the] forum, forced [defendant] to expend time and money . . . and now, after the litigation has progressed almost a year and [defendant's] discovery efforts are bearing fruit, seeks reexamination of his patent based on prior references known . . . since April of 1992.

Id. at 1720.  The court concluded that the plaintiff had not presented any evidence of hardship such that the stay should be granted.  Id.

Here, plaintiff attempts to engage in dilatory tactics.  As in Gladish, plaintiff chose the forum, forced defendant to expend time and money, and now, after the litigation has progressed for over a year, seeks reexamination of his patent based on prior references known since July of 2004.  Gladish, 29 U.S.P.Q.2d at 1720.  Furthermore, defendant "has a strong interest in concluding [this] lawsuit without delay."  See id.  Thus, allowing plaintiff to engineer the course of this lawsuit when he has failed to diligently prosecute his claim would put defendant at a clear tactical disadvantage.

**3.   The stage in litigation, completion of discovery, and set trial date**

Because this case is no longer in its incipient stages, the scales tip heavily in favor of denying plaintiff's motion to stay.  See Wayne Auto. Corp. v. Pearson Co., 782 F. Supp. 516 (E.D. Wash. 1991) (denying plaintiff's motion to stay where discovery was almost completed and a trial date had been set).  Discovery ended on June 13, 2005.  Moreover, on October 25, 2004, this court set a jury trial date of December 5, 2005.  Plaintiff has presented no evidence of hardship or inequity in being

1  required to go forward with the suit as previously agreed in the
2  status conference.  See id.  Due to plaintiff's unjustified delay
3  in bringing this motion, this matter is "too far along the road
4  to justify halting the journey."  Id.

**CONCLUSION**

6      For the foregoing reasons, plaintiff's motion to stay
7  proceedings pending a patent reexamination in the United States
8  Patent and Trademark Office is DENIED.
9      IT IS SO ORDERED.
10 DATED: September 27, 2005

                                                /s/ Frank C. Damrell Jr.
                                              FRANK C. DAMRELL, Jr.
                                              UNITED STATES DISTRICT JUDGE