UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

VINOO JAIN,

         Plaintiff,

   v.

TRIMAS CORPORATION,

         Defendant.

NO. CIV. S-04-0889 FCD PAN

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendant's motion for summary judgment of non-infringement. For the reasons set forth below, defendant's motions are GRANTED.

**BACKGROUND**

On May 5, 2004, plaintiff Vinoo Jain ("Jain") sued defendant TriMas Corporation ("TriMas") alleging patent infringement of Patent. No. 6,390,343 ("the '343 patent"). ((Pl.'s Response to Def.'s Stmt. of Undisputed Material Facts ("UMF"), filed Oct. 13, 2005, ¶ 1). The '343 patent claims a cargo carrier mechanism, which is adapted to be connected to the hitch of a vehicle.

(Pl's Opp'n to Def's Mot., filed Oct 14, 2005, at 7; UMF ¶ 2). Plaintiff contends that defendant's Draw-Tite Product No. 6502 ("6502 carrier") infringes upon the '343 patent either through literal infringement or infringement by equivalence. Plaintiff further contends that defendant is liable for inducement of infringement.

The '343 patent contains three claims that are at the heart of plaintiff's allegations of infringement. Claim 1 of the '343 patent recites that the mechanism has a "connector further comprising a third plate and a spaced fourth plate." (UMF ¶ 5). Claim 1 of the '343 patent recites that the bases member "further includ[es] a first stop preventing rotation of said platform in one direction of rotation, and a second stop for preventing rotation of said platform in another direction of rotation. (UMF ¶ 11). Finally, the '343 patent recites that "the platform further comprises at least one post (71) extending outwardly therefrom the pose being removably held to the platform." (UMF ¶ 14).

Defendant filed this motion for summary judgment of non-infringement on September 7, 2005. Plaintiff opposes this motion. Plaintiff submitted an opposition, which included a declaration of plaintiff and inventor Jain with supporting documents attached as exhibits. Defendants move to strike the declaration because it contends that it is an attempt by plaintiff to offer expert testimony without having previously disclosed himself as an expert. (Def.'s Mot. to Strike, filed Oct. 27, 2005, at 1). Defendants also move to strike the exhibits attached to the declaration because none of the exhibits

2

were produced to defendant during discovery.  (Id. at 1-2).

**STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  One of the principal purposes of the rule is to dispose of factually unsupported claims or defenses.  Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

In considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the non-moving party.  United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962).  If the moving party does not bear the burden of proof at trial, he or she may discharge his burden of showing that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the non-moving party's case."  Celotex, 477 U.S. at 325.  Once the moving party meets the requirements of Rule 56 by showing there is an absence of evidence to support the non-moving party's case, the burden shifts to the party resisting the motion, who "must set forth specific facts showing that there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Genuine factual issues must exist that "can be resolved only by a finder of fact, because they may reasonably be resolved in favor of either party."  Id. at 250.  In judging evidence at the

summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. See T.W. Elec. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987) (citing Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. See Falls Riverway Realty, Inc. v. City of Niagara Falls, 754 F.2d 49, 57 (2d Cir. 1985); Thornhill Publ'g Co., Inc. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979).

**ANALYSIS**

**A.  Motion to Strike**

Defendant moves to strike plaintiff's declaration as well as the exhibits attached thereto on the grounds that plaintiff did not disclose himself as an expert nor did plaintiff disclose any of the attached exhibits prior to filing the declaration and exhibits with his opposition to defendant's motion for summary judgment. (Def.'s Mot. to Strike). Plaintiff argues that the declaration should not be excluded because the statements are based upon personal factual knowledge and are not expert testimony. (Pl.'s Opp'n to Def.'s Mot. to Strike, filed Nov. 14, 2005, at 1-3). Plaintiff further argues that the exhibits attached to the Jain declaration should not be striken because he obtained then in preparation for his response to defendant's motion for summary judgment. (Id. at 4-5).

Regarding the declaration, this court finds that the opinions offered by the plaintiff in his declaration are expert opinions. Plaintiff states that he is familiar with the '343 patent as well as defendant's claims of non-infringement. (Declaration of Vinoo Jain ("Jain Decl."), filed Oct. 13, 2005, ¶ 3). Plaintiff then proceeds to state that defendant's theory of claim interpretation is incorrect and to explain the common usage in the industry. (Id. ¶ 4). Finally, plaintiff concludes that, after comparing defendant's 6502 carrier to the '343 patent, defendant's carrier contains each and every element of at least certain claims of the '343 patent. (Id. ¶¶ 12-13).

Testimony that relates to "scientific, technical, or other specialized knowledge" is expert testimony. See Fed. R. Evid. 702; Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141 (1999). Under Rule 26(a)(2) of the Federal Rules of Civil Procedure, "a party shall disclose to other parties the identity of any person" who may be used to present expert evidence at trial. "These disclosures shall be made at the times and in the sequence directed by the court." Id. Although plaintiff is the inventor and has personal knowledge of the '343 patent, the statements made in his declaration are still considered expert testimony because they pertain to topics requiring scientific, technical, and other special knowledge; an inventor is not subject to any special exception to Rule 26. See Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1585 (Fed. Cir. 1996) ("But testimony on technology is far different from other expert testimony, whether it be of an attorney, a technical expert, or the inventor . . . .").

5

Plaintiff failed to timely disclose himself as an expert, as required under Rule 26(a)(2) and this court's October 25, 2004 Scheduling Order.  This court's order set the deadline for expert disclosure for April 8, 2005 and the deadline for expert reports and materials disclosure for April 25, 2005.  It is precisely these types of eleventh-hour revelations by an expert that Rule 26 was designed to prevent.  <u>Pickern v. Pier 1 Imps., Inc.</u>, 339 F. Supp. 2d 1081, 1089 (E.D. Cal. 2004); <u>see</u> <u>Official Comment to 1993 Amendments</u> (Rule 26(a)(2) "requires that persons retained . . . to provide expert testimony . . . must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination and the reasons therefor.").  Plaintiff's declaration was disclosed well after defendants filed their motion for summary judgment and less than two months before the deadline for filing dispositive motions, leaving defendants with inadequate time to respond to the new allegations contained therein.  Pursuant to Rule 37(c),

> a party that without substantial justification fails to disclose information required by 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Plaintiff has not presented any justification for the failure to disclose himself as an expert witness.  Further, the failure to disclose plaintiff as an expert is not harmless because plaintiff's declaration and the exhibits attached thereto is the only evidence of any disputed issues between the parties. For these reasons, the court grants defendant's motion to strike the entirety of plaintiff's declaration.  <u>See</u> <u>Pickern</u>, 339 F. Supp. 2d at 1089.

6

Regarding the exhibits attached to the declaration, plaintiff failed to disclose any of the documents to defendant prior to filing his opposition motion. This failure occurred in the face of defendant's document requests and interrogatories touching upon the subject matter found in plaintiff's exhibits. (Def.'s Mot. to Strike, Exhs. A-B). Plaintiff's explanation for this failure to disclose is that "the documents complained of were not available until the Plaintiff's Response to the Defendant's Motion for Summary Judgment was submitted and which included those documents." (Pl.'s Opp'n to Def.'s Mot. to Strike at 4). Plaintiff gives no explanation as to why these documents were not previously available. Further, plaintiff provides no explanation as to why one of the exhibits is dated June 30, 2005, but was not turned over to defendant until Oct. 13, 2005. (See Jain Decl., Exh. D). Because plaintiff has failed to establish a substantial justification for his failure to disclose the documents to defendant, and because the failure to disclose is not harmless because it is the only evidence of disputed issues between the parties, pursuant to Rule 37(c), defendant's motion to strike the exhibits attached to the Jain declaration is GRANTED.

**B.   Claim Interpretation**

Determining whether a patent has been infringed requires a two step analysis of (1) claim construction and (2) comparison of the properly construed claims to the accused product. See Markman v. Westview Instruments, Inc., 52 F.3d 967, 979 (Fed. Cir. 1995). Construction of the patent terms is a question of law determined by the court. Id.; Vitronics, 90 F.3d at 1582.

7

It is well settled that the court must first look to the intrinsic evidence of the patent to determine the scope of the claims. Markman, 52 F.3d at 979; Vitronics, 90 F.3d at 1582. The intrinsic evidence includes the words of the claims themselves, the specification, and the prosecution history, if in evidence. Id. In most cases, an analysis of the intrinsic evidence alone will resolve any ambiguity in a disputed term, and under those circumstances, consideration of extrinsic evidence such as expert testimony is improper. Id.; Pall Corp. v. Micron Separations, Inc., 66 F.3d 1211, 1216 (Fed. Cir. 1995).

In this case, three claim terms are disputed by the parties; the terms (1) plate; (2) stop; and (3) post. The court will address the interpretation of each term in turn.

### 1.   **Third Plate and Spaced Fourth Plate**

One disputed issue between defendant and plaintiff is whether defendant's square connector on the 6502 carrier used to attach the carrier to the base member is actually a third and fourth spaced plate. Defendant argues that plaintiff's claim should be interpreted as describing third and fourth plates as a pair of distinct flat plates attached to a square connector. Plaintiff responds by stating that the meaning of the term "plate" is clear. However, plaintiff's assertion is that a square connector is actually a configuration of four plates, and therefore, defendant's square sided connector has third and fourth plates as claimed in the '343 patent. (UMF ¶ 9).

Claim 1 of the '343 patent states that the connector linked to the platform comprises a "third plate and spaced fourth plate." (UMF ¶ 5). The plain language of the this claim offers

8

little guidance for claim interpretation regarding the meaning of the term "plate."

However, the prosecution history, offered as exhibits by both plaintiff and defendant, sheds significant light on the meaning of the term "plate" in the '343 patent. The Examiner rejected the originally filed claim as invalid and anticipated by the Mehls patent. (UMF ¶ 3). The Mehls patent consists of a square connector that locks into two distinct flat plates. (Pl.'s Exh. 3 at Fig. 4). Plaintiff amended his claims to overcome the Mehls patent by adding the limitation "a third plate and spaced fourth plate." (UMF ¶ 5). Therefore, the third and fourth plate cannot be interpreted as sides of a square sided connector because that interpretation would render the '343 patent invalid as being anticipated by the Mehls patent. See ACS Hosp. Sys., Inc. v. Montefiore Hosp., 732 F.2d 1572, 1577 (Fed. Cir. 1984) (holding that patent claims "should be so construed, if possible, as to sustain their validity"). Thus, the third and fourth plates are a pair of distinct flat plates attached to a square connector.

**2.   Second Stop for Preventing Rotation of Said Platform**

Claim 1 of the '343 patent also recites that the base member includes "a first stop preventing rotation of said platform in one direction of rotation, and a second stop for preventing rotation of said platform in another direction of rotation." (Pl.'s Exh. 1). In this case, the plain language of the claim is clear. The claim specifies that there are two stops located on the base member that prevent the rotation of the platform in two separate directions.

9

### 3.   At Least One Post Removably Held to Said Platform

Claim 4 of the '343 patent recites that the vehicle hitch contains a platform that has "at least one post being removably held to said platform." (Pl.'s Exh. 1). As with the stops in claim 1, the meaning of this claim term is clear from the language in the claim. The platform of the hitch contains at least one post that is attached to the hitch, but capable of being removed.

**C.   Infringement**

### 1.   Literal Infringement

Plaintiff contends that defendant's 6502 carrier literally infringes upon the '343 patent. Literal infringement requires that the accused device contains each and every element of the patent. See Key Mfg. Group, Inc. v. Microdot, Inc., 925 F.2d 1444, 1447 (Fed. Cir. 1991). If even one element of a patent's claim is missing from the accused product, then there can be no infringement as a matter of law. London v. Carson Pirie Scott & Co., 946 F.2d 1534, 1538-39 (Fed Cir. 1991).

In this case, defendant's 6502 carrier contains a square sided connector which locks directly into two flat plates. (UMF ¶ 9). Because this court has found that the sides of a square connector are not plates, defendant's carrier does not infringe upon the '343 patent that claims third and fourth plates. Further, defendant's 6502 carrier does not have a second stop on the base member as required by claim 1 of the '343 patent. (Pl.'s Exh. 7). Rather, as plaintiff admits in his deposition, the 6502 carrier has one stop on the base member and one stop on the tray or platform. (Deposition of Vinoo Jain ("Jain Dep."),

Def.'s Exh. 9, at 80).  Finally, the 6502 carrier does not include any removably held posts as required by claim 4 of the '343 patent.[1]  Plaintiff offers no evidence to the contrary to raise a triable issue of infringement.[2]  Therefore, with respect to plaintiff's claims of literal infringement, defendant's motion for summary judgment of non-infringement is GRANTED.

### 2. Doctrine of Equivalents

Plaintiff contends that, even if the 6502 carrier does not literally infringe upon the '343 patent, defendant is still liable for infringement under the doctrine of equivalents.  Under the doctrine of equivalents, all claims must be "met literally or equivalently for infringement to lie."  Odetics, Inc. v. Storage Tech. Corp., 185 F.3d 1259, 1268 (Fed. Cir. 1999).  "[T]he doctrine of equivalents must be applied to the individual elements of the claim, not to the invention as a whole."  Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co., 520 U.S. 17, 29 (1997).

Plaintiff contends that the square stock connector of the 6502 carrier is equivalent to the third and fourth plates recited in the '343 patent.  However, where a patentee's claim has been narrowed during prosecution history, the patentee may be estopped

---

[1] Plaintiff contends that the 6502 carrier can be attached to the Draw-Tite rail kit number 6955.  (UMF ¶ 18).  However, plaintiff offers no evidence to support this contention.  Defendants point to evidence that the Rail Kit is only approved for use with Draw-Tite Carrier product nos. 6500 and 6501, neither of which are implicated in this action.  (UMF ¶ 21).

[2] Plaintiff points to exhibits 5 and 9 in support of his position that the 6502 carrier includes such stops.  However, the figures of defendant's carrier does not support plaintiff's contention that there are two stops on the base member.  Further, even if

11

from asserting the doctrine of equivalents. <u>Warner-Jenkinson</u>, 520 U.S. at 33.  Where the record does not reveal the reason for narrowing a claim, the burden is placed on the patentee "to establish the reason for an amendment required during patent prosecution." <u>Id.</u>

> When . . . the patentee originally claimed the subject matter alleged to infringe but then narrowed the claim in response to a rejections, he may not argue that the surrendered territory comprised unforeseen subject matter that should be deemed equivalent to the literal claims of the issued patent.

<u>Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.</u>, 535 U.S. 722, 733-34 (2002).  The patentee also bears "the burden of showing that the amendment does not surrender the particular equivalent in question" where the amendment cannot reasonably be viewed as surrendering a particular equivalent. <u>Id.</u> at 740.

In this case, the record of the prosecution history of the '343 patent reveals that the amendment of claim 1 to include "a third plate and a spaced fourth plate" was made to overcome the Mehl's patent, which included a square connector and two distinct flat plates.  (UMF ¶ 5).  Claim 1 was initially rejected under 35 U.S.C. § 102(b) as being anticipated by the Mehls patent, and the subsequent amendment was made to overcome this prior art rejection.  (Pl.'s Exh. 2; Def.'s Exh. 4; UMF ¶ 5).  The configuration of the square connector and two plates in the Mehls patent is the same configuration as defendant's 6502 carrier. (UMF No. 9; <u>compare</u> Def's Exh. 3, at Fig. 4 <u>with</u> Def.'s Exh. 6a, 6b, and 7).  The equivalent asserted by plaintiff in this action is the very equivalent that plaintiff surrendered during the prosecution proceedings in order to overcome the Mehls patent.

Therefore, plaintiff is barred from asserting infringement by equivalence regarding the 6502 carrier.  See Exhibit Supply Co. v. Ace Patents Corp., 315 U.S. 126, 136 (1942); Keystone Driller Co. v. Northwest Engineering Corp., 294 U.S. 42, 48 (1935).

Plaintiff cannot assert an equivalence claim regarding the four plates designated in the '343 patent due to prosecution history estoppel.  Thus, with respect to plaintiff's claims of infringement by equivalence, defendant's motion for summary judgment of non-infringement is GRANTED.

### 3.   **Inducement of Infringement**

Finally, plaintiff contends that defendant is liable for inducement of infringement.  In order to state a claim for inducement of infringement, plaintiff must show (1) direct infringement of the patent; and (2) that the defendant knowingly induced infringement and possessed specific intent to encourage another's infringement.  3M Co. v. Chemque, Inc., 303 F.3d 1294, 1304-05 (Fed. Cir. 2002).

In this case, plaintiff has produced no evidence to support his claim that defendant induced infringement.  Plaintiff has produced no evidence of direct infringement.  Further, plaintiff has presented no evidence of an intent or knowledge by defendant to infringe or induce infringement.  Because plaintiff has presented no evidence to establish a triable issue of fact with respect to the inducement of infringement claim, defendant's motion for summary judgment of non-infringement is GRANTED.

/////
/////
/////

**CONCLUSION**

For the foregoing reasons, defendant's motion for summary judgment of non-infringement is GRANTED.

IT IS SO ORDERED.

DATED: December 15, 2005

                                                            /s/ Frank C. Damrell Jr.
                                                            FRANK C. DAMRELL, Jr.
                                                            UNITED STATES DISTRICT JUDGE